the plaintiff agreed to sell and deliver to the defendant, and the defendant agreed to purchase, two hundred and eighty pieces of mackinaw cloth, consisting of about forty-five yards to the piece, at the agreed price of $2.50 per yard, delivery f. o. b. New York, $5,000 to be paid in cash immediately upon receipt of the invoices by the defendant and the balance to be paid on or before January 5, 1918, with a proviso by which plaintiff was to be released from liability with respect to fifty-one pieces of the cloth, which then were in transit to the plaintiff, in the event that they were not received by it, and the defendant was given an option to take any or all of seventy-five additional pieces at the same price in case they should be received by the plaintiff as expected. Defendant claimed .that the minds of the parties had not met on a binding contract.

*Jacob H. Corn* for appellant.

*Louis Salant* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

WALTER G. FREY, Respondent, *v.* THE LUTHERAN CEMETERY, Appellant.

Cemeteries — action to recover for mutilation of remains of parents and of caskets containing said remains.

Frey v. Lutheran Cemetery, 194 App. Div. 970, affirmed.

(Argued March 10, 1922; decided March 24, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1921, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was to recover damages alleged to have been suffered by plaintiff in consequence of the mutilation by defendant of the caskets and outer boxes in which the remains of his parents were buried and of

the remains themselves. The complaint alleged that a certain lot in the defendant's cemetery was owned by the plaintiff's mother and that in 1906 she was interred in it. In 1908 plaintiff's father was interred in the same grave, the two caskets being placed one on top of the other. In 1918 the plaintiff, desiring to erect a monument over the grave, obtained leave from the defendant to do so in accordance with its rules and regulations. Under these rules the defendant reserved the right to prepare the foundations for monuments, charging a fixed fee for the work. The defendant reported to the plaintiff that according to its diagram the head of the grave was so close to the boundary line of the lot that it would be necessary to move back the grave in order to make room for the foundation. Plaintiff accordingly gave an authorization to the defendant to do this; that while the work was being executed the plaintiff went to the cemetery to inspect it. He found that instead of lengthening the grave and moving back the remains the defendant had uncovered the grave for a distance of six feet only, and at the head of the grave where the foundation was to be installed had made room for the foundation by digging straight down six feet through the heads of the boxes, caskets and remains themselves and had severed the heads of the boxes, the heads of the caskets and the heads of the remains.

*Cecil B. Ruskay* for appellant.

*Herman S. Hertwig* and *William Montague Geer, Jr.*, for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.